### S. J. WALKER v. W. L. VANCE.

**Motion for New Trial After Expiration of Term.**

> Where appellant's motion to set aside a judgment is made two months
> after the term at which it was rendered, the chancellor had no power to
> reopen the case.

**Negligence of Counsel and Client.**

> Negligence of counsel is no grounds for a new trial, and, moreover, when
> the appellant absents himself on his own private business from the trial,
> he is as negligent as his attorney.

APPEAL FROM JEFFERSON CIRCUIT COURT.

January 8, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the appellant's motion to set aside the judgment foreclosing
the mortgage and ordering a sale of the mortgaged estate was not
made until two months after the term at which it was rendered,
the chancellor had no power to open the case on the appellant's affi-
davit, not that he had discovered important evidence, but only
that before the hearing he had employed counsel to file an answer
and, expecting that they would do so, he went to Chicago on im-
portant business and did not learn until some time after the judg-
ment that no answer had been filed.    Negligence of counsel is no
ground for a new trial, and, moreover, the appellant's affidavit
shows as much negligence by himself as by his attorneys.    His
absence on his own business and especially his failure so long not
even to inquire about his case was apparently voluntary and not

such inevitable necessity as would, according to any principle of law or practice of equity, excuse his omission to answer.

And besides it is very questionable whether the answer he proposed to file could be made available as a defense to any extent.

Wherefore, the judgment overruling his motion is affirmed.